## Case No. 15,775.

### UNITED STATES v. MILLER.

[16 Int. Rev. Rec. 25.]

District Court, N. D. New York. July, 1872.

INTERNAL REVENUE LAW—FAILURE TO KEEP BOOKS.

[Under Act July 13, 1866, a brewer who neglects to enter in a book the materials purchased by him for the production of fermented liquors is liable to a fine of $500, regardless of whether he intended to commit a fraud.]

Prosecution of Martin Miller, a brewer, for violation of the internal revenue law.

That portion of the law which it is claimed was violated in this case is section 49 of the act of July 13, 1866 [14 Stat. 164], which provides: "That every person owning or occupying any brewery or premises used, or intended to be used, for the purpose of brewing or making such fermented liquors, or who shall have such premises under his control or superintendence as agent for the owner or occupant, or shall have in his possession or custody any brewing materials, utensils, or apparatus, used or intended to be used, in the manufacture of fermented liquors, shall from day to day enter or cause to be entered in a book to be kept by him for that purpose, an account of all material by him purchased for the purpose of producing such fermented liquors, including grain and malt."

Punishment for violation of this section is provided for by section 51 of the same act, which reads as follows: "The owner, agent, or superintendent of any brewery, vessels, or utensils used in making fermented liquors, who shall evade or attempt to evade the payment of the tax thereon, or fraudulently neglect or refuse to make true and exact entry and report of the same in the manner required by law, or to do or cause to be done any of the things by law required to be done by him as aforesaid, or who shall intentionally make false entry in said book or in said statement, or knowingly allow or procure the same to be done, shall forfeit, for every such offence, all the liquors made by him or for him, and all the vessels, utensils, and apparatus used in making the same, and be liable to a penalty of not less than five hundred nor more than one thousand dollars to be recovered with costs of suit, and shall be deemed guilty of a misdemeanor, and shall be imprisoned for a term not exceeding one year. And any brewer who shall neglect to keep the books, or refuse to furnish the account and duplicate thereof as provided by law, or who shall refuse to permit the proper officer to examine the books in the manner provided, shall for every such refusal or neglect forfeit and pay the sum of three hundred dollars."

The case resulted in favor of the government, and judgment was rendered against the defendant for $300 and costs of suit, as provided by said section 51.

Mr. Crowley, U. S. Dist. Atty.
D. N. Lockwood, for defendant.

HALL, District Judge (charging jury). This is a civil action brought against the defendant for the purpose of recovering a penalty of $300, which, it is alleged, he has incurred in consequence of a failure to comply with one of the provisions of an act passed July 13, 1866. (The judge here read the sections of the act above given, and proceeded.) This suit is founded upon the allegation that the defendant neglected to enter or cause to be entered, from day to day, in a book which the statute provides shall be kept by him for that purpose, an account of all material purchas-

ed by him for the purpose of producing fermented liquors, including grain and malt. Any brewer who shall neglect to keep such book, or refuse to keep such account, or who shall refuse to allow the proper officer to see such book, as required by this section, is liable, for every refusal or neglect thereof, to pay a penalty of $300, and it is for such penalty that this suit is brought. The statute makes a clear distinction between cases where failure to keep the book and account required results from ignorance or negligence, and the case in which the failure is for the fraudulent purpose of evading the payment of a portion of the proper taxes, and with an intent to defraud the government. In case the party is proceeded against as a criminal, and is to be subjected to fine and imprisonment, there must be an intent to evade the proper tax; but in a civil action for the penalty no question of intent is raised. It is not necessary to prove an intent to commit a fraud; but the mere fact of the neglect to keep a book subjects the party to a penalty of $300. Therefore, in this case, the question of intent need not be considered by you; and the only question is whether the defendant has complied with the provisions of the statute with regard to the keeping of this brewer's book under the section I have read, and which provides that he shall from day to day enter or cause to be entered, in a separate book to be kept by him for that purpose, an account of all materials by him purchased, for the purpose of producing fermented liquors, including grain and malt. In respect to this provision, it appears that books in printed form have been designed, and that, subsequent to the time when this suit was commenced, the defendant procured a book, in the form indicated by the commissioner of internal revenue. Subsequent to that time it is not alleged that he failed to make the proper entries; and it is insisted on the part of the defence that prior to that time he made the required entries in a pass-book, which he kept for that purpose.

In reference to that question, gentlemen, it is proper that I should say to you, in the first place, that, after the evidence given on the part of the United States, making out a prima facie case against the defendant for not keeping this book, by the ordinary rules of the common law and by a statute passed by congress for that purpose, the burden is cast upon the defendant to show he did keep such a book, and made the entries by law required. You are therefore to consider whether the evidence in this case establishes the fact that he did keep a separate book, in which was entered from day to day what was required by the provision of this statute to be entered. It was not necessary, in my judgment, that he should purchase a book precisely in the form of the one that has been produced here; but he should make the required entries in a separate book, and the entries therein should be such as

to enable the officers of the government to ascertain, without examination of other entries, what it was intended they should be able to ascertain by the book required by this statute. The object of requiring a separate book doubtless was that the officers of internal revenue, when they required an examination, should not be compelled to look through the ordinary books of the brewery, or through any other book except the one that contains the precise entries required by law. The object of the book was to give to the officers information of the quantity of materials delivered, so that they could, by inquiry elsewhere or by further examination, reach the evidence that the book was incorrect, if it was in fact incorrect. You will, of course, readily perceive the object of keeping the book, and also the object of requiring these entries to be made in a separate book, so as to facilitate the examinations that might be required, in the interests of the government, on the part of the revenue officers.

The question for you to consider, under the proofs in this case, is whether the evidence establishes the fact that during the whole period embraced in this information, which is from May 22, 1870, to the 13th of March, 1871, the defendant kept such a book as the statute requires, and made the entries required therein from day to day, in such manner as to furnish the information which the statute requires to be furnished to the officers by such a book when they apply for its examination. That is the only question, as I understand it, that you are called upon to consider in this case.